# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELAIDA GALINDEZ, et al., <br><br> Plaintiffs, <br> vs. <br><br> CENTERPLATE, INC., et al., <br><br> Defendants. | CASE NO. 12-CV-0008-H (CAB) <br><br> **ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTION TO DISMISS AND STRIKE PORTIONS OF THE COMPLAINT** |

On January 30, 2012, Defendants Centerplate, Inc., Volume Services, Inc. d/b/a Centerplate, and Volume Services of America, Inc. ("Defendants") filed a motion to dismiss Plaintiff Adelaida Galindez and Jupiter Ramirez's ("Plaintiffs") complaint under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, to strike portions of Plaintiffs' complaint under Rule 12(f). (Doc. No. 14.) On February 13, 2012, Plaintiffs filed an opposition. (Doc. No. 20.) On February 17, 2012, Defendants filed a reply. (Doc. No. 22.)

The Court finds this matter appropriate for resolution without oral argument, and submits it on the parties' papers pursuant to the Local Rule 7.1(d)(1). As a result, the Court vacates the hearing scheduled for February 27, 2012. After due consideration of the parties' arguments and briefing, the Court grants Defendants' motion to dismiss Plaintiffs' conversion and theft of labor claim under California Penal Code § 484, and denies the remainder of Defendants' motion to dismiss and motion to strike portions of the complaint.

## **Background**

Plaintiffs filed a complaint in the Superior Court of California, County of San Diego, alleging that Defendants engaged in a systematic scheme of wage abuse against non-exempt employees. (Doc. No. 1-3.) Specifically, Plaintiffs allege that Defendants violated the California Labor Code, Industrial Wage Orders, the California Penal Code, and the California Business and Professions Code. Defendants removed this action to this Court and filed a motion to dismiss the complaint or, alternatively, to strike portions of the complaint. (Doc. Nos. 1 & 14.) Here, Defendants argue that the complaint fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) and 23(a), and that Plaintiffs lack standing to bring a private cause of action under the California Penal Code. (Doc. No. 14.)

## **I. Legal Standard for a Motion to Dismiss**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Motions to dismiss under Rule 12(b)(6) are viewed with disfavor, and dismissal without leave to amend is proper only in extraordinary cases. Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003). The pleading must contain a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This requirement functions to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "All allegations of material fact are taken as true and construed in the light most favorable to plaintiffs. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see Twombly, 550 U.S. at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,

129 S.Ct. 1937, 1950 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**A. Plaintiffs' first through third causes of action**

Plaintiffs' first cause of action is an allegation that Defendants failed to pay minimum wage as required by California Labor Code §§ 1194, 1194.2, and 1197. (Doc. No. 1-3 at ¶¶ 39-45.) California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Cal. Lab. Code § 1194.

Plaintiffs' second cause of action is an allegation that Defendants failed to pay wages and overtime compensation as required by California Labor Code §§ 510, 1194, et seq. (Doc. No. 1-3 at ¶¶ 46-51.) California Labor Code § 510(a) provides, in part, that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Lab. Code § 510(a).

Plaintiffs' third cause of action is an allegation that Defendants failed to provide rest periods and proper meal periods or compensation in lieu thereof under California Labor Code §§ 226.7, 512, and applicable IWC Wage Orders. (Doc. No. 1-3 at ¶¶ 52-55.) California Labor Code § 226.7(a) provides that "[n]o employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission." Cal. Lab. Code § 226.7(a). Additionally, if an employer fails to provide appropriate meal or rest periods, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Cal. Lab. Code § 226.7(b).

///

The complaint states that Plaintiffs were non-exempt employees of the Defendants, and that they "worked regular and overtime hours for which [they were] not paid and [they were] not properly compensated for missed and/or interrupted meal and rest breaks." (Doc. No. 1-3 at ¶¶ 2-4.) Plaintiffs further allege that Defendants precluded employees "from clocking in for hours worked" such that employees were required to "work before being clocked in, after being clocked out and through meal and rest breaks." (Id. at ¶ 22.)

The Court concludes that Plaintiffs' complaint satisfies Rule 8(a). The Court views Plaintiffs' factual allegations as true for the purposes of determining whether to dismiss the complaint. Epstein, 83 F.3d at 1140. If Plaintiffs ultimately prove the facts alleged in the complaint, they have a plausible claim for relief against Defendants under the recited sections of the California Labor Code for their first through third causes of action. Therefore, the complaint provides Defendants with fair notice as to the grounds upon which Plaintiffs' claims rest. Accordingly, the Court denies Defendants' motion to dismiss Plaintiffs' first through third claims.

**B. Plaintiffs' fourth cause of action**

Plaintiffs' fourth cause of action is an allegation that Defendants failed to timely pay wages due at termination as required by California Labor Code §§ 201, 202, and 203. (Doc. No. 1-3 at ¶¶ 57-60.) California Labor Code § 201(a) provides, in part, that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Lab. Code § 201(a). Additionally, § 202(a) provides, in part, that when an employee quits without notice, the employee's wages are "due and payable not later than 72 hours" after the employee quits employment. Cal. Lab. Code § 202(a).

The complaint states that Plaintiffs are no longer Defendants' employees. (Doc. No. 1-3 at ¶ 59.) The complaint also states that Plaintiffs "worked regular and overtime hours for which [they] were not paid." (Doc. No. 1-3 at ¶¶ 2-4.) If Plaintiffs ultimately prove the facts alleged in the complaint, they have a plausible claim for relief against Defendants for alleged failure to timely pay wages due upon termination of employment under the recited sections of the California Labor Code. Therefore, the complaint satisfies Rule 8(a) and provides

Defendants with fair notice as to the grounds upon which Plaintiffs' claim rests. Accordingly, the Court denies Defendants' motion to dismiss Plaintiffs' fourth cause of action.

### C. Plaintiffs' fifth cause of action

Plaintiffs' fifth cause of action is an allegation of conversion. (Doc. No. 1-3 at ¶¶ 61-64.) The complaint states that Defendants wrongfully exercised dominion and control over monies owed to Plaintffs by failing to pay wages owed to Defendants' employees. (Id. at ¶ 62.) Plaintiffs claim fails to state plausible or sufficient facts for conversion. Twombly, 550 U.S. at 554 ("Factual allegations must be enough to raise a right to relief above the speculative level."); see also Farmers Ins. Exch. v. Zerin, 53 Cal. App. 4th 445, 452 (1997) (In alleging conversion, "a mere contractual right of payment, without more, will not suffice."). Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs' fifth cause of action.

### D. Plaintiffs' sixth cause of action

Plaintiffs' sixth cause of action is an allegation of unfair business practices in violation of California Business and Professions Code § 17200 et seq., commonly called the Unfair Competition Act. (Doc. No. 1-3 at ¶¶ 65-72.) California Business and Professions Code § 17203(a) provides, in part, that "[a]ny person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction." Cal. Bus. & Prof. Code § 17203(a). The complaint seeks an injunction against Defendants for violations of the Unfair Competition Act stemming from their alleged failure to pay wages, overtime wages and penalties due to Plaintiffs. (Doc. No. 1-3 at ¶¶ 68-71.) If Plaintiffs ultimately prove the facts alleged in the complaint, they have a plausible claim for relief under the Unfair Competition Act. Therefore, the complaint satisfies Rule 8(a) and provides Defendants with fair notice as to the grounds upon which Plaintiffs' claim rests. Accordingly, the Court denies Defendants' motion to dismiss Plaintiffs' sixth cause of action.

### E. Plaintiffs' eighth cause of action

Plaintiffs' eighth cause of action is an allegation that Defendants violated California Penal Code § 484. (Doc. No. 1-3 at ¶¶ 76-81.) California Penal Code § 484(a) provides:

> Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property, or who causes or procures others to report falsely of his or her wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft. In determining the value of the property obtained, for the purposes of this section, the reasonable and fair market value shall be the test, and in determining the value of services received the contract price shall be the test. If there be no contract price, the reasonable and going wage for the service rendered shall govern. For the purposes of this section, any false or fraudulent representation or pretense made shall be treated as continuing, so as to cover any money, property or service received as a result thereof, and the complaint, information or indictment may charge that the crime was committed on any date during the particular period in question. The hiring of any additional employee or employees without advising each of them of every labor claim due and unpaid and every judgment that the employer has been unable to meet shall be prima facie evidence of intent to defraud.

California Penal Code § 484(a). A private right of action to sue for violations of a criminal statute "exists only if the language of the statute or its legislative history clearly indicates the Legislature *intended* to create such a right to sue for damages." Vikco Ins. Services, Inc. v. Ohio Indem. Co., 70 Cal. App. 4th 55, 62-63 (1999) (emphasis in original). If the Legislature intends to create a private cause of action, it is assumed that it will do so "directly, in clear, understandable, unmistakable terms." Id. (quoting Moradi-Shalal v. Fireman's Fund Ins. Cos., 46 Cal. 3d 287, 294-95 (1988)).

The language of California Penal Code § 484 does not indicate in clear or unmistakable terms that the Legislature intended to create a private right to sue for damages. The complaint does not indicate a source from which Plaintiffs can derive a private right to sue for damages under California Penal Code § 484. Accordingly, the Court grants Defendants' motion to dismiss Plaintiffs' eighth cause of action.

**F. Plaintiffs' seventh, ninth, tenth, and eleventh causes of action**

Plaintiffs' seventh cause of action is an allegation that Defendants failed to provide accurate wage statements as required by California Labor Code §§ 226. (Doc. No. 1-3 at ¶¶ 73-75.) Plaintiffs' ninth cause of action is for declaratory relief. (Id. at ¶¶ 82-86.) Plaintiffs' tenth cause of action is for an accounting of the books and records of Defendants. (Id. at ¶¶

87-90.) Plaintiffs' eleventh cause of action is for injunctive relief that enjoins Defendants from engaging in its allegedly unlawful practices. (Id. at ¶¶ 91-95.)

Defendants' briefing does not provide specific grounds by which it challenges the sufficiency of Plaintiffs' seventh, ninth, tenth and eleventh causes of action. If Plaintiffs ultimately prove the facts alleged in the complaint, they have a plausible claim for relief for their seventh, ninth, tenth, and eleventh causes of action. Therefore, the complaint satisfies Rule 8(a) and provides Defendants with fair notice as to the grounds upon which Plaintiffs' claims rest. Accordingly, the Court denies Defendants' motion to dismiss Plaintiffs' seventh, ninth, tenth, and eleventh causes of action.

### G. Plaintiffs' class claims

Defendants argue that Plaintiffs' class claims should be dismissed because the complaint does not demonstrate sufficient numerosity, typicality, and adequacy of representation under Federal Rule of Civil Procedure 23(a) to raise their class claim above a speculative level. The Court disagrees. "[C]ompliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim." Gillibeau v. City of Richmond, 417 F.2d 426, 432 (9th Cir. 1969). It is more appropriate for Defendants to oppose a class claim in an opposition to a motion to certify the class, rather than on a motion to dismiss. Id. Defendants have not yet filed an answer, no discovery has been commenced, and no class certification motion has been filed. Accordingly, the Court determines that it is premature to dismiss Plaintiffs' class allegations at this juncture.

## II. Legal Standard for a Motion to Strike Portions of the Complaint

Federal Rule of Civil Procedure 12(f) states: "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense. See Wyshak v. City Nat'l. Bank, 607 F.2d 824, 827 (9th Cir. 1979). The decision to strike a matter under Rule 12(f) is within the court's discretion. See Nurse v. United States, 226 F.3d 996, 1000 (9th Cir. 2000).

///

Defendants request that Plaintiffs' class allegations be stricken under Rule 12(f). Defendants argue that Plaintiffs' complaint does not plead facts sufficient to allow a reasonable inference that Defendants are liable for Plaintiffs' class claims. The Court disagrees. The complaint alleges that Plaintiffs represent a class composed of all present and former San Diego county employees of the Defendants that held a non-exempt position during the relevant statutory time period. (Doc. No. 1-3 ¶ 30.) Therefore, the complaint provides Defendants with fair notice as to the nature of Plaintiffs' class claims. Defendants have not established that Plaintiffs' class claims are redundant, immaterial, impertinent, or scandalous. Accordingly, the Court denies Defendants' motion to strike the class allegations of Plaintiffs' complaint.

## III. Conclusion

Based on the foregoing, the Court:

1. Denies Defendants' motion to dismiss Plaintiffs' first, second, third, fourth, sixth, seventh, ninth, tenth, and eleventh causes of action;

2. Grants Defendants' motion to dismiss Plaintiffs' fifth and eighth causes of action;

3. Denies Defendants' motion to dismiss Plaintiffs' class claims; and

4. Denies Defendants' motion to strike portions of Plaintiffs' complaint.

**IT IS SO ORDERED**.

Dated: February 23, 2012

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT